IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-CR-38-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| RICHARD FELDER | ) | |
| | ) | |
| _____ | ) | |

This matter is before the Court on Defendant's "Motion for and Declaration in Support of an Order for the Issuance of Subpoena Duces Tecum Pursuant to Federal Rule of Criminal Procedure 17(b) and (c) and for Service of Subpoena Pursuant to Federal Rule of Criminal Procedure 17(d)." (the "Motion," Doc. 15).

I. Relevant Background

On May 18, 2022, Defendant was indicted on one count of unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g)(1). Defendant's trial is scheduled for August 29, 2022.

In the Motion, Defendant requests that the Court authorize the issuance and service of a subpoena duces tecum pursuant to Rule 17(c) and (d) of the Federal Rules of Criminal Procedure to compel the production of records returnable to counsel for Defendant.

1

## II. Discussion

Rule 17(c) of the Rules of Criminal Procedure states in part:

> (1) In General. A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.
>
> Fed. R. Crim. P. 17(c)(1).

An application for a Rule 17(c) subpoena duces tecum must clear the hurdles of relevancy, admissibility, and specificity. United States v. Nixon, 418 U.S. 683, 700 (1974). In particular, the applicant must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'
>
> Id. at 699-700.

Here, the Motion seeks materials held by the Richland County Sheriff's Department. Defense counsel believes that these records will provide information regarding a DNA analysis which indicates that DNA evidence acquired in the case cannot exclude Defendant. Doc. 15 at 4. Specifically,

2

defense counsel argues that the records are necessary for counsel to develop an effective plea negotiation, pre-trial, and trial strategy, "especially if the evidence may exculpate Mr. Felder." Id.

The Motion reports that defense counsel cannot obtain the requested records without a court order due to laboratory policies and that, while the information was not produced by the Government in discovery, the Government has placed defense counsel in contact with persons who can assist in the production of the materials. Defense counsel also certifies that it is her professional opinion that the requested documents are necessary in order to adequately represent Defendant.

It appears from the Motion that Defendant is unable to pay the costs of service of the requested subpoena and therefore that to the extent process costs and witness fees are generated, such costs and fees should be paid in the same manner as if the subpoena had been issued by the Government.

**IT IS THEREFORE ORDERED THAT:**

1. Defendant's "Motion for and Declaration in Support of an Order for the Issuance of Subpoena Duces Tecum Pursuant to Federal Rule of Criminal Procedure 17(b) and (c) and for Service of Subpoena Pursuant to Federal Rule of Criminal Procedure 17(d)" (Doc. 15) is **GRANTED,** and a subpoena duces tecum shall be issued to the recipient named below:

> John Barron
> Richland County Sheriff's Dept.
> DNA Analyst, Local CODIS Administrator
> Phone: 803-576-3088
> Email: jbarron@rcsd.net

The subpoena shall direct that the following information be produced to counsel for Defendant by July 22, 2022, or at a later date as may be agreed upon by counsel for Defendant and the producing party:

> (1) Full case files from RCSO Lab in this case (clear, in color PDF), to include all bench notes, data, results, communications, case submission, all reports, all color photographs, all internal (peer) reviews, and any rescinded or draft reports generated prior to publishing the final (official) reports.
>
> (2) Color PDFs of all electropherograms and all raw data files of all samples and controls relied upon in this case.
>
> (3) Full documentation of all statistical analyses performed, to include the full electronic output of all conventional and/or all probabilistic genotyping software utilized in this case.
>
> (4) Expiration dates of all reagents used in this case for all steps of DNA testing.
>
> (5) Contemporaneous Standard Operating Procedures for DNA analysis interpretation.
>
> (6) Probabilistic Genotyping program (TrueAllele) internal validation summary.
>
> (7) All quality assurance records since January 2020 for the forensic biology section, to include but not limited to sample switching, any correction action, any non-conformity, any analyst disciplinary action.

(8) Required maintenance and/or calibration records of all instruments used in this case for all steps of DNA testing.

(9) CVs, training records, and proficiency testing records of the analyst(s) who worked on this case.

(10) Contemporaneous as well as the most recent lab audit, audit results, findings, and closures of any findings (all documentation).

2. Pursuant to Rule 17(d), an investigator/paralegal for the Office of the Federal Public Defender may serve the subpoena. To the extent process costs and witness fees are generated, they are to be paid in the same manner as if the subpoena had been issued by the Government.

3. Any documents returned in response to the subject subpoena shall be disseminated to the Government to the extent required by law, the Local Rules, or Order of the Court.

Signed: July 12, 2022

W. Carleton Metcalf
United States Magistrate Judge

5